**Brierton, Jones & Jones, LLP**
**B. James Brierton (SBN 053216)**
**1550 Hotel Circle North, Suite 300**
**San Diego, California 92101-2909**
**Telephone: (619) 696-7066**
**Facsimile:   (619) 696-6907**

FILED

2007 JAN -4  AM 9: 07

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  _____DEPUTY

Attorneys for Marjan Mane, as Guardian Ad Litem for Angelina Morgan Mane

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA MORGAN MANE, by and through) her Guardian Ad Litem, MARJAN MANE, JANA LARSEN MANE and GEORGE MANE,<br><br>            Plaintiffs,<br><br>       v.<br><br>TRI-CITY HEALTH CARE DISTRICT, RAHELE MAZAREI, D.O., and the UNITED SATES OF AMERICA,<br><br>            Defendants. | ) CASE NO. 05cv0397-WQH(CAB)<br>)<br>) **ERRATUM: INCORRECT**<br>) **ANNUITY COMPANY**<br>) **INADVERTENTLY INSERTED**<br>) **IN THE ORDER APPROVING**<br>) **CREATION OF THE 2006**<br>) **ANGELINA MORGAN MANE**<br>) **SPECIAL NEEDS TRUST;**<br>) **REQUEST TO INSERT PACIFIC**<br>) **LIFE AND ANNUITY COMPANY**<br>) **IN PARAGRAPH 11(B) OF THE**<br>) **"FINDINGS" PORTION OF THE**<br>) **ORDER APPROVING CREATION**<br>) **OF THE 2006 ANGELINA**<br>) **MORGAN MANE SPECIAL**<br>) **NEEDS TRUST; DECLARATION**<br>) **OF B. JAMES BRIERTON**<br>) |

I, B. James Brierton, hereby declare as follows:

1.  I am an attorney licensed to practice law before all courts in the State of California.  I am the attorney of record for Plaintiff, Angelina Morgan Mane.  I have personal knowledge of all

ERRATUM: INCORRECT LIFE
INSURANCE COMPANY INSERTED

matters stated herein and if called upon to testify, I would be a competent witness.

2   On September 8, 2006, I caused to be filed with this Court an Order Approving Creation of the 2006 Angelina Morgan Mane Special Needs Trust.

3.   Said  Order contains the name of American General Life Insurance Company on page 4, Paragraph 11 (B).

4   After having filed said Order Approving Creation of the 2006 Angelina Morgan Mane Special Needs Trust, I realized I inadvertently inserted the incorrect Life Insurance Company's name, American General Life Insurance Company instead of Pacific Life and Annuity Company.

5.   Attached hereto is a true  copy of the Order Approving Creation of the 2006 Angelina Morgan Mane Special Needs Trust

6.   I hereby respectfully request that the Order Approving Creation of the 2006 Angelina Morgan Mane Special Needs Trust, attached hereto, be filed and deemed to have been filed as if the Pacific Life and Annuity Company had been inserted in the original pleading.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _Oct. 25, 06_               _____
                                                B. JAMES BRIERTON, ESQ.

**IT IS HEREBY ORDERED** that Pacific Life and Annuity Company on page 4, Paragraph 11(B) of the Order Approving Creation of the 2006 Angelina Morgan Mane Special Needs Trust attached hereto, be filed and deemed to have been filed as if inserted on the original pleading.

Dated: _1/3/07_               _____
                                        JUDGE OF THE UNITED STATES DISTRICT COURT

ERRATUM: INCORRECT LIFE
INSURANCE COMPANY INSERTED                          2

RECEIVED
SEP 1 3 2006

FILED

06 SEP -8 AM 8: 31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANGELINA MORGAN MANE, by and through her Guardian Ad Litem, MARJAN MANE, JANA LARSEN MANE and GEORGE MANE,<br><br>      Plaintiffs,<br>      v.<br>TRI-CITY HEALTH CARE DISTRICT, RAHELE MAZAREI, D.O., and the UNITED SATES OF AMERICA,<br><br>      Defendants. | ) CASE NO. 05cv0397-WQH(CAB)<br>)<br>) **ORDER APPROVING**<br>) **CREATION OF THE 2006**<br>) **ANGELINA MORGAN MANE**<br>) **SPECIAL NEEDS TRUST**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner, Marjan Mane's Petition To Approve Creation of the 2006 Angelina Morgan Mane Special Needs Trust came on regularly for hearing on August 28, 2006, at 11:00 a.m., in Department 4 of the above-entitled court, the Honorable William Q. Hayes, Judge Presiding. B. James Brierton, Esq. of the Law Offices of Brierton, Jones & Jones, LLP appeared for Petitioner. No other appearances were made. Having read the Petition, proper

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust**      1

notice of hearing having been given as required by law,  and no objections having been filed, the court finds and orders as follows:

**FINDINGS:**

1.  Petitioner is the duly appointed, qualified and acting Guardian Ad Litem for Angelina Morgan Mane (hereafter "Angelina"), a Minor.

2.  Angelina was severely injured at birth as a direct and proximate result of the medical care provided her and her mother during the birth process and whose injuries are permanent.  She is afflicted with spastic cerebral palsy, developmental delay, laryngomalacia, gastric reflux disease and seizure disorder.

3.  On October 28, 2004,  Petitioner, as Guardian Ad Litem for Angelina, Jana Larsen Mane, Angelina's mother' and George Mane, Angelina's father, filed a law suit in the above Court (hereafter "the Civil Action"), in which plaintiffs alleged various causes of action against the named defendants for damages resulting from the medical care provided during the birth process.  The Civil Action is pending before this Court.

4.  On or about April 18, 2006, plaintiffs reached a settlement with defendant, Rahele Mazarei, D.O., in the amount of $1,000,000 (hereafter the "Mazarei Settlement").  On or about May 2006, plaintiffs reached a settlement with defendant, Tri City Healthcare District, in the amount of $2,800,000 (hereafter "the Tri-City Settlement").  By the terms of the settlements, both the Mazarei Settlement and the Tri-City Settlement are subject to approval by this Court under applicable Federal and State Law.

5.  The Civil Action is still pending against one remaining defendant, namely, the United States of America.

6.  Once the court approves the Petition to Approve Compromise of a Minor's Claim, the Court will have approved allocation of the Mazarei and Tri -City Settlements as follows:

A.   One hundred percent (100%) of the Mazarei Settlement ($1,000,000)  to Angelina.

B.  The Tri City Settlement allocated 90.8% ($2,450,000) to Angelina; 6.6% ($250,000) to plaintiff, Jana Larsen Mane; and 2.6% ($100,000) to plaintiff, George Mane.

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust        2

7. In the prosecution of the Civil Action, Kenneth M. Sigelman & Associates have advanced litigation costs to date in the total amount of $108,153.73. The *pro rata* share of the litigation costs to Angelina's Claim is $98,203.59.

8. The Department of Health Services, State of California, has a Medi-Cal lien against Angelina's Claim in the amount of $188,499.39, and Petitioner has represented to the court that no other liens are known to exist in this case. After statutory reductions for attorneys fees and costs, the net amount due the State of California on the Medi-Cal lien is $135,973.39.

9. Kenneth M. Sigelman & Associates, the litigation attorneys for Petitioner, as Guardian Ad Litem for Angelina, prosecuted the Civil Action under a contingent fee agreement. The Fee Agreement, by its terms, limits the attorneys fees in their representation of Angelina, to the percentages and amount allowed under the Medical Injury Compensation Reform Act at California, at Business & Professions Code (hereafter "B & P") §6146, *et. seq.*. The total fee to which the Kenneth M. Sigelman & Associates is entitled under the Fee Agreement and B. & P. §6146, for the total settlement funds distributable to Angelina ($3,375,000) is the sum of $563,186.12.

10. As represented by Petitioner, the Civil Action has not been compromised and settled against one remaining defendant. The United States of America. Attorney Sigelman estimates that as much as $75,000 in additional litigation costs may be incurred in prosecuting the action against the remaining defendant. As requested by Attorney Sigelman shall be authorized to withhold the sum of $75,000.00 from the settlement funds apportioned to Angelina to cover her share of anticipated litigation costs to prosecute the Civil Action against the remaining defendant, the United States of America. Pursuant to California Probate Code §3601(a), the litigation attorneys will account for these funds and will seek this Court's approval of all litigation costs incurred when the Civil Action is finally resolved.

11. The net settlement amount distributable to Angelina in the settlements presented in this Petition is $2,577,636.90. Said settlement funds shall be allocated as follows:

A. Cash in the amount of $1,577,636.90.

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust**        3

B.   The sum of one-millions dollars ($1,000,000) will be used to purchase a single premium annuity from American General Life Insurance Company (hereafter "the American General Annuity").  The substantive terms of the American General Annuity are as follows:

> i)   Commencing August 1, 2006, Angelina will receive a monthly payment of $5,410.14 with a 2% annual cost of living increase;
>
> ii)   The income stream will make monthly payments for a guaranteed period of fifteen years or Angelina's life time;
>
> iii) The minimum guaranteed payout on the annuity (15 year guarantee period) is $1,122,717, and the payout based on Angelina's life expectancy is $13,521,234.

12.   As a consequence of her substantial handicaps as alleged above, Angelina is a person for whom a conservatorship could be established pursuant to California Probate Code, Section 1801, when Angelina reaches the age of majority.

13. As a consequence of Angelina's substantial disabilities, Angelina has been eligible for, and has received, the public benefits commonly known as Medi-Cal (hereafter "Public Benefits").

14.  Angelina has special needs which have not, and will not, be met by the Public Benefits which she has received or which she may be entitled to receive in the future.  The special needs which Angelina has include, but is not limited to, the following: certain medical care and dental care, supplemental in-home nursing care, special equipment, training and educational programs, travel needs, basic recreational needs, special occasion needs, e.g.

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust        4**

holiday gifts, financial support for trained assistance dog in the future, and housing as allowed by applicable provisions of Federal and State Law relating to said public benefits.

15. In order to provide for the special needs of Angelina and as a statutory procedure to manage the net settlement proceeds allocated to Angelina in the settlements presented herein under California Probate Code §§ 3610-3611 and 3604, the court approves the 2006 Angelina Morgan Mane Irrevocable  Special Needs Trust (hereafter "the Trust") in its entirety.

16. The Trust sets forth, in addition to other administrative provisions, the following substantive provisions:

A. First American Trust is named as Trustees, and any successor trustee or Co-Trustees must be approved by San Diego Superior Court or a court of competent jurisdiction;

B. The principal and income of the Trust is to be used for the exclusive Special Needs of Angelina during her life time;

C. Upon termination of the Trust, and after satisfying all governmental claims, see (9)(e) below, the assets of the Trust, including any accrued but undistributed income, shall be distributed to the person or persons designated by Angelina in a legally enforceable instrument appointing the Trust property or, in the event Angelina has not effectively appointed the Trust assets to petitioner's heirs at law;

D. If the existence and operation of the Trust will have the legal effect of rendering Angelina  ineligible for Public Benefits, then the Trustee is given

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust          5

discretion to terminate the Trust subject to court approval;

E.   Upon termination of the Trust, whether as a result of the death of the beneficiary of the Trust or otherwise, the Trustee of the Trust is directed to satisfy from the balance of the Trust assets all proper state claims for reimbursement for Medi-Cal assistance paid on behalf of the Trust beneficiary under Public Benefits programs ;

F.   The Trustee/Co-Trustees of the Trust is required to account annually to  San Diego Superior Court or as may otherwise be ordered by the court ;

G.   Any individual trustee of the Trust is required to be bonded in an amount ordered by San Diego superior Court or a court of competent jurisdiction, and the requirement of a bond may not be waived by trust beneficiaries.

H.   Trustee and attorney fees are subject to approval by San Diego Superior Court or a court of competent jurisdiction; providing, periodic payments may be made with court approval.

I.   The investment standard applicable to the Trustee of the Trust is not the Uniform Prudent Investor Rule but, rather, is the statutory standard for investments applicable to conservators and guardians as set forth in California Probate Code §§2570-2574.

J.   The trustee is required to comply with all California Rules of Court, including Rule 7.903  20.  There is no existing guardianship of person or estate of Angelina.

17.   Angelina  is not a patient in, or on leave from, a hospital under either the

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust          6**

jurisdiction of the State Department of Mental health or State Department of Developmental Services.

18. The law firm of Brierton, Jones & Jones, by B. James Brierton, represented Petitioner in connection with the establishment of the proposed Angelina Morgan Mane Irrevocable Special Needs Trust. The court approved attorney's fees for Brierton, Jones & Jones, LLP in the amount of $ _6,968.50_ and costs in the sum of $ _0_.

19. The court approved reasonable costs in the amount of $ _970._ to Doreen Casuto, R.N. , for preparation of her report. Said fees and costs shall be paid by First American Trust Services, the nominated Trustee of the Special Needs Trust.

20. No bond is required of the nominated Trustee, First American Trust Services, as First American Trust Services is a corporate trustee. ,

21. Notice of hearing has been given in accordance with California Probate Code §3602(f) and the Rules of this Court..

**IT IS SO ORDERED** that:

1. The 2006 Angelina Morgan Mane Special Needs Trust is approved in its entirety as stated herein below:

2006 ANGELINA MORGAN MANE

SPECIAL NEEDS TRUST

ARTICLE ONE

CREATION OF TRUST

1.1. Parties. This trust agreement is made by Marjan Mane, as Guardian Ad Litem for Angelina Morgan Mane ("Angelina"), a Minor (the "settlor") of San Diego County, California,

as settlor, and First American Trust, as trustee (the "trustee"). The settlor hereby transfers and assigns to the trustee certain property (the "trust estate"), in trust, to be held, administered, and distributed as provided in this instrument.

1.2. <u>Names of Trusts</u>. The trusts created by this instrument shall be known collectively as the 2006 Angelina Morgan Mane Special Needs Trust, and each separate trust created under this instrument shall be referred to by adding the name or designation of that separate trust as it appears in the appropriate section of this instrument.

1.3. <u>Effective Date</u>. This agreement shall be effective upon execution by all the parties after approval by the United States District Court, Southern District of California ( "San Diego District Court"); providing, following its creation by the San Diego District Court, the 2006 Angelina Morgan Mane Special Needs Trust shall operate under the jurisdiction and supervision of the Probate Department of San Diego Superior Court.

ARTICLE TWO

TRUST ESTATE

2.1. <u>Definition of Trust Estate</u>. All property subject to this instrument from time to time is referred to as the "trust estate" and shall be held, administered, and distributed as provided in this instrument. The trustee shall hold, administer, and distribute the property described in the Schedule of Trust Assets (which is attached hereto and made a part of this trust instrument), any other property that may be hereafter subject to this trust, and the income and proceeds attributable to all such property, in accordance with the provisions of this instrument.

2.2. <u>Additions to Trust</u>. From time to time, the trustee may accept additions to this

trust from any source with the approval of San Diego Superior Court or a court of competent jurisdiction on a noticed petition to all state and federal agencies entitled to notice relating to the establishment of this trust or, in the trustee's discretion, refuse or disclaim any additional property if the trustee believes for any reason that the addition may not be in the best interest of the beneficiaries or of the trust estate or would unreasonably increase risks of liability to the trustee or would cause the beneficiary of the trust, Angelina, to lose her entitlement to Public Benefits as hereinafter provided. Any addition shall become a part of the trust estate only on written acceptance by the trustee. From the time of the acceptance, the addition shall be held, administered, and distributed in accordance with the terms of this instrument.

## ARTICLE THREE

## RIGHTS AND POWERS OF SETTLOR

3.1. Trust is Irrevocable. Subject to amendment or revocation by San Diego Superior Court as hereinafter provided, the trust may not be amended, revoked, or terminated, in whole or in part, at any time during the trust term except as expressly provided in the trust instrument.

3.2. Method of Revocation or Amendment. Any amendment, revocation, or termination of any trust created by this instrument upon approval by San Diego Superior Court or a court of competent jurisdiction, shall be made by written instrument signed by the trustee.

3.3. Delivery of Property After Revocation. After any revocation or termination, the trustee shall promptly deliver the designated property to the person or persons entitled thereto as determined and ordered by San Diego Superior Court or a court of competent jurisdiction.

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust            9

3.4.  <u>Trustee's Retention of Assets on Revocation</u>.  In the event of any revocation of all or part of the trust, the trustee shall be entitled to retain sufficient assets to reasonably secure the payment of liabilities the trustee has lawfully incurred in administering the trust and any fees that have been earned by the trustee, until such time as those liabilities have been discharged and fees paid; providing, however, the authority of the trustee under this paragraph is subject to any limitations or directives by San Diego Superior Court or a court of competent jurisdiction.

ARTICLE FOUR

SPECIAL NEEDS TRUST FOR ANGELINA MORGAN MANE

4.1.  <u>Trust for Angelina Morgan Mane ("Angelina")</u>.  The trustee shall hold, administer, and distribute the assets of the trust for Angelina as follows:

(a) <u>Purpose</u>. This trust is created for the benefit of Angelina, who was born on November 13, 2003.  The sole purpose of this trust is to provide a supplemental and emergency fund to supplement any public benefits available to Angelina during her lifetime.  The intention of the settlor is that the assets of the trust shall, to the fullest extent permitted by law, be free from assignment or collection for the satisfaction of the claims of any creditors or government agencies.  If this trust were to be invaded by creditors or subject to any liens or encumbrances, or if the terms of this trust were to be applied so as to cause Angelina's eligibility for public benefits to be terminated, it is likely that the trust assets would be depleted before her death, and the purpose of this trust could not then be fulfilled.

(b) <u>Funds to Supplement Other Resources</u>. The intention of the settlor is that any payments or distributions from this trust to or for the benefit of Angelina shall supplement any public benefits or other private resources available to her.  The trustee may, in the exercise of the trustee's discretion, seek as necessary all available public benefits for Angelina 's benefit, and shall segregate any public benefits received by the trustee for that purpose in a separate trust or account and administer the same for the benefit of Angelina.  All public benefits received by the trustee for that purpose, together with any other resources available to Angelina, shall be taken into account by the trustee in making

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust**        10

payments or distributions to or for the benefit of Angelina . The trustee shall regularly consult with Angelina and any persons or entities providing care or assistance to Angelina for the purpose of determining Angelina 's needs and resources. The trustee shall not exercise the trustee's discretion to make any payments or distributions to or for the benefit of Angelina  if the trustee determines, in the trustee's sole discretion, that public benefits, private resources, or a combination of public benefits and private resources, are reasonably available to Angelina to satisfy those needs.

(c) <u>Restrictions on Use of Funds</u>.  No part of the income or principal of the trust shall be used to replace or supplant public benefits of any county or any state, federal, or other governmental agency that has a legal responsibility to serve persons with disabilities or conditions that are the same as or similar to those of Angelina . For purposes of determining Angelina 's eligibility for any public benefits, no part of the principal or undistributed income of the trust estate shall be considered available to her, and she shall have no right to compel the trustee to release principal or income to her or for her benefit or otherwise to have any access to any of the trust assets.  In the event that the trustee is requested to release principal or income of the trust to or on behalf of Angelina  to pay for any equipment, medication, services, or other needs that any public benefits would be authorized to provide for were it not for the existence of the trust, or in the event that the trustee is requested to petition any court or any administrative agency for authorization to release principal or income for any purpose of that kind, the trustee shall deny the request and take whatever administrative or judicial steps may be necessary to continue the eligibility of  Angelina  for all available public benefits, including obtaining a determination or declaration from a court of competent jurisdiction that the trust principal is not available to Angelina  for purposes of determining her eligibility for any public benefits.  Any expenses of the trustees in this regard, including reasonable attorneys' fees, shall be a proper charge to the trust estate.

(d) <u>Definition of Public Benefits</u>.  As used in this instrument, the term "public benefits" refers to any and all public resources or benefits available under or through any governmental program or agency, including but not limited to any Supplemental Security Income (SSI), MediCal, or other state medical assistance program authorized under the federal Medicaid program, and federal Social Security Disability Insurance.

(e) <u>Discretionary Payments and Distributions</u>.  During the lifetime of Angelina , the trustee shall pay to or apply for the benefit of Angelina as much of the net income and as much of the principal of the trust as the trustee, in the trustee's sole discretion, from time to time deems necessary or advisable for the satisfaction of her special needs. For this purpose, "special needs" refers to the

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust         11

requisites for maintaining the good health, comfort, safety, and welfare of Angelina when, in the discretion of the trustee, those requisites are not being provided for by any public agency, office, or department of any state or the United States, or by any person or persons with a legal obligation to support Angelina. "Special needs" shall include, but not be limited to, medical and dental care, special equipment, specially equipped vehicles to meet Angelina's needs as may be approved by San Diego Superior Court or a court of competent jurisdiction, programs of training, education, and rehabilitation, travel needs, housing as may be approved by San Diego Superior Court or a court of competent jurisdiction, and recreation not provided for or reimbursed by public benefits. The trustee shall consult with any guardian, guardian ad litem, conservator, custodian, or other person who cares for Angelina regarding her special needs. Expenditures made by the trustee under this section may include reasonable compensation to any person who provides for the special needs of Angelina as provided in this section. Any expenditure permitted by this section may be made either with or without prior court order except as expressly provided herein. Any income not paid pursuant to this provision at the end of the calendar year shall be added to the principal of the trust.

(f) Purchase of Residence. Subject to approval by San Diego Superior Court or a court of competent jurisdiction, the trustee may purchase and maintain real property as an asset of the trust. The purchase of real property may include the purchase and maintenance as a trust asset a home for the beneficiary on terms that the trustee considers advisable and approved by San Diego Superior Court or a court of competent jurisdiction, including purchase money financing in accordance with and directions contained in a court order approving such purchase transaction. If the beneficiary is permitted to reside in the premises, arrangements shall be made in the trustee's discretion to ensure the beneficiary's continued eligibility for public benefits. Such arrangements include charging rent to the beneficiary when necessary to maintain the beneficiary's eligibility for Supplemental Security Income (SSI).

(g) Accumulation of Income. If any payment or distribution from the trust to or for the benefit of Angelina would have the effect of disqualifying her for any public benefits, or if trust income cannot be completely utilized for her special needs, the trustee shall accumulate trust income annually and add it to principal.

(h) Spendthrift Clause. No interest in the principal or income of this trust may be anticipated, assigned, encumbered, or be subject to any creditor's claim or to legal process before actual receipt by a trust beneficiary. Because this

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust          12**

trust is intended to be conserved and maintained for Angelina 's special needs, no part of the trust principal or income may be subject to the claims of voluntary or involuntary creditors or any costs incurred or sums expended by any public agency, office, or department of California, any other state, or the United States, for the provision of care and services (including residential care) to or for the beneficiary (whether prospectively or in reimbursement). The beneficiary of the trust has a disability that substantially impairs her ability to provide for her own care or custody and constitutes a substantial handicap.

(i) Payment of Death Taxes, Debts and Expenses On Death of Angelina. On the death of Angelina, the trustee may pay any death taxes attributable to the property held in trust and the expenses of the last illness and funeral of Angelina out of the principal of the trust, unless the trustee determines that other adequate provisions have been made for payment of these expenses.

(j) Disposition of Trust on Death of Angelina. On the death of Angelina, subject to the payback provision of Article Four, section 4.1(l), the trustee shall distribute the trust property outright to one or more of the group consisting of the class specified below, on such terms and conditions (outright or in trust, or by creating further powers of appointment) as Angelina shall appoint in a valid will or inter vivos document executed by her, specifically referring to and exercising this power appointment. If Angelina does not effectively appoint all of the trust estate, the trustee shall distribute the trust property to Angelina's heirs at law . However, any share distributable hereunder to a beneficiary who has not reached the age of twenty-five (25) years at the death of the Angelina shall be held, administered and distributed by the trustee in a separate trust for that beneficiary according to the terms set forth in Article Five applicable to the Separate Share Trust for Issue.

(k) Backstop Termination Clause. Despite any contrary provision of this trust, if the existence of this trust has the effect of rendering Angelina ineligible for SSI, MediCal, or any other program of public benefits, whether federal, state, or local, the trustee may, but need not, terminate this trust in whole or in part. Prior court approval shall be required for any partial or complete termination of the trust under this clause. Subject to the payback provisions as set forth in subparagraph (l) below, upon termination the trustee shall distribute the trust estate, including any accrued but undistributed income, to Angelina or her legal representative, if Angelina is then living, and if Angelina is not then to her heirs at law as set forth in subparagraph (j) herein above.

(l) Payback Provision. It is the intent of this trust, as confirmed by San Diego District  Court in Case 05cv0397-WQH(CAB), that this trust shall not be construed as an available resource to the beneficiary under the Omnibus

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust        13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

Budget Reconciliation Act of 1993, section 13611 (42 United States Code section 1396p (d)(4)(A) and Probate Code section 3605(b). To comply with the foregoing, the trustee is directed, on the death of the beneficiary or other termination of this trust, to satisfy from the balance of the trust assets all proper state claims for reimbursement for MediCal and SSI assistance paid on behalf of the beneficiary, Angelina , under a state plan, up to an amount equal to the total MediCal and income assistance paid.  On the death of the beneficiary, other termination of the trust, or a change of trustee, the trustee shall give notice required by Probate Code, section 3605(c) or any successor provision.

4.2.  Separate Share Trust for Issue.  Upon the death of the beneficiary, Angelina,  and as provided in Article Four section 4.1(j), each portion or share of the trust estate, or of the trust property of any other trust created by this trust instrument, that is allocated to a Separate Share Trust for Issue for the benefit of the beneficiary (as defined in subsection (a), below) when that beneficiary is under the age of twenty-five (25) years shall be held, administered, and distributed by the trustee as a separate trust, as follows:

15

16

(a)  Beneficiary.  The beneficiary of this trust is a person under the age of twenty-five (25) at the time of distribution.

17

18

19

20

21

22

(b)  Discretionary Payments.  At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the beneficiary as much of the net income of the trust as the trustee deems proper for that beneficiary's health, education, support, and maintenance. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are known to the trustee and that are readily available to the beneficiary for use for these purposes.  All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion and shall be final and incontestable by anyone.  The trustee shall accumulate and add to principal any net income not distributed.

23

24

25

26

27

(c)  Distribution on Termination.  The trust shall terminate on the beneficiary reaching 25 years of age or on the death of the beneficiary, whichever occurs first.  If the trust terminates on the beneficiary reaching 25 years of age, the trustee shall distribute the trust property (including all income then accrued but uncollected and all net income then remaining in the hands of the trustee) to the beneficiary outright.  If the trust terminates on the death of the beneficiary, the

28

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust          14

trustee shall distribute the trust property to the then-living issue of the beneficiary in the manner provided in California Probate Code Section 240 or if the beneficiary has no issue then living, to the then-living issue of that deceased child who is the ancestor of the beneficiary, with those issue taking in the manner provided in California Probate Code Section 240.

(d) Final Disposition. If the trust property is not completely disposed of by the preceding provisions, the undisposed-of portion shall be distributed outright to the heirs of Angelina.

4.3. Spendthrift Clause. The interests of the beneficiaries under this instrument are not transferable by voluntary or involuntary assignment or by operation of law, and shall be free from the claims of creditors and from attachment, execution, bankruptcy, and other legal process, to the maximum extent permitted by law. If any such transfer is made or attempted by or against any beneficiary, all further trust payments of income or principal or both to that beneficiary (and any right of that beneficiary to such payments) shall be suspended for a period of time or indefinitely (but in no case for longer than the term of the trust) as the trustee determines. In lieu of payments to that beneficiary, the trustee may apply so much of the trust income or principal or both to which the beneficiary would otherwise be entitled as the trustee deems necessary for the beneficiary's education and support. All trust income (to which the beneficiary would otherwise be entitled) not so applied shall in the discretion of the trustee be accumulated and added to trust principal at such time or times as the trustee deems proper.

## ARTICLE FIVE

## TRUSTEE

5.1. Settlor Designates Successor Trustee. Subject to approval by San Diego Superior Court or a court of competent jurisdiction, the settlor may designate by a signed writing any

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust          15

suitable entity or person to act as successor trustee or cotrustees in the event that the trustee, for any reason, ceases to act as trustee. The settlor may revoke, amend, or replace the written instrument designating the successor trustee at any time before a particular vacancy is filled. If there is a vacancy and either there is no effective written instrument at that time or the written instrument does not effectively provide for the filling of the vacancy, successor trustee shall be appointed by San Diego Superior Court or a court of competent jurisdiction.

5.2.  <u>Definition of Trustee</u>.  Reference in this instrument to "the trustee" shall be deemed a reference to whoever is serving as trustee or cotrustees, and shall include alternate or successor trustees or cotrustees, unless the context requires otherwise.

5.3.   <u>Trust Beneficiary, Angelina, Not to Serve as Trustee</u>.  Notwithstanding any other provision of this instrument, the trust beneficiary, Angelina, shall not be appointed or serve as trustee or a cotrustee of any trust created by this instrument at any time.

5.4.  <u>Bond Required</u>.  Bond shall be required of each individual serving as a trustee under this instrument, in the same form and manner as is required for the appointment of a conservator of estate under section 2320 of the California Probate Code.  This requirement may not be waived by the trust beneficiaries.

5.5.  <u>Compensation of Trustees</u>. Each individual who is a trustee under this instrument shall be entitled to reasonable compensation for services rendered, payable only by court order by San Diego Superior Court or a court of competent jurisdiction.  Any corporate trustee, including First American Trust, may pay to itself periodic payments for trustee fees in amounts consistent with its published fee schedule; providing, however, all such fees shall be subject to court review and confirmation.

5.6. <u>Procedure for Resignation</u>.  Any trustee may resign by permission of San Diego Superior Court or a court of competent jurisdiction only.   A resignation shall be effective on written acceptance of the trust by a court appointed successor trustee.

5.7. <u>General Powers of Trustee</u>.  To carry out the purposes of the trusts created under this instrument, and subject to any limitations stated elsewhere in this instrument, the trustee shall have all of the following powers, in addition to all of the powers now or hereafter conferred on trustees by law:

(a)  With court authorization, sell (for cash or on deferred payments, and with or without security), convey, exchange, partition, and divide trust property; grant options for the sale or exchange of trust property for any purpose, whether the contract is to be performed or the option is to be exercised within or beyond the term of the trust; and lease trust property for any purpose, for terms within or extending beyond the expiration of the trust, regardless of whether the leased property is commercial or residential and regardless of the number of units leased.

(b)  Engage in any transactions with the personal representative of the estate of the beneficiary, Angelina,  that are in the best interest of any trusts created in this instrument.

(c)  Manage, control, improve, and maintain all real and personal trust property.

(d)  With court authorization, subdivide or develop land; make or obtain the vacation of plats and adjust boundaries, or adjust differences in valuation on exchange or partition by giving or receiving consideration; and dedicate land or easements to public use with or without consideration.

(e)  Make ordinary or extraordinary repairs or alterations in buildings or other trust property, demolish any improvements, raze existing party walls or buildings, and erect new party walls or buildings, as the trustee deems advisable.

(f)  Employ and discharge agents and employees, including but not limited to attorneys, accountants, investment and other advisers, custodians of assets, property managers, real estate agents and brokers, and appraisers, to advise

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust          17**

and assist the trustee in the management of any trusts created under this trust instrument, and compensate them from the trust property.

(g) With respect to securities held in trust, exercise all the rights, powers, and privileges of an owner, including, but not limited to, the power to vote, give proxies, and pay assessments and other sums deemed by the trustee necessary for the protection of the trust property; participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, and liquidations, and, in connection therewith, deposit securities with and transfer title to any protective or other committee under such terms as the trustee deems advisable; exercise or sell stock subscription or conversion rights; and accept and retain as investments of the trust any securities or other property received through the exercise of any of the foregoing powers.

(h) Hold securities or other trust property in the trustee's own name or in the name of a nominee, with or without disclosure of the trust, or in unregistered form, so that title may pass by delivery.

(i) Deposit securities in a securities depository that is either licensed or exempt from licensing.

(j) With court authorization, borrow money for any trust purpose from any person or entity, including one acting as trustee hereunder, on such terms and conditions as the trustee deems advisable, and obligate the trust for repayment; encumber any trust property by mortgage, deed of trust, pledge, or otherwise, whether for terms within or extending beyond the term of the trust, as the trustee deems advisable, to secure repayment of any such loan; replace, renew, and extend any such loan or encumbrance; and pay loans or other obligations of the trust deemed advisable by the trustee.

(k) Procure and carry, at the expense of the trust, insurance in such forms and in such amounts as the trustee deems advisable to protect the trust property against damage or loss, and to protect the trustee against liability with respect to third persons.

(l) Enforce any obligation owing to the trust, including any obligation secured by a deed of trust, mortgage, or pledge held as trust property, and purchase any property subject to a security instrument held as trust property at any sale under the instrument.

(m) Extend the time for payment of any note or other obligation held as an asset of, and owing to, the trust, including accrued or future interest, and extend the time for repayment beyond the term of the trust.

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust          18

(n) Pay or contest any claim against the trust; release or prosecute any claim in favor of the trust; or, in lieu of payment, contest, release, or prosecution, adjust, compromise, or settle any such claim, in whole or in part, and with or without consideration.

(o) At trust expense, prosecute or defend actions, claims, or proceedings of whatever kind for the protection of the trust property and of the trustee in the performance of the trustee's duties, and employ and compensate attorneys, advisers, and other agents as the trustee deems advisable.

5.8.  Power to Retain Trust Property.  The trustee shall have the power to retain property received into the trust at its inception or later added to the trust, as long as the trustee considers that retention in the best interests of the trust or in furtherance of the goals of the settlor in creating the trust.

5.9.  Trustee's Power to Invest Property.  Subject, further, to any limitations or restrictions ordered by San Diego Superior Court or a court of competent jurisdiction,  the trustee shall have the power to invest  trust assets in accordance with, and subject to the limitations, set forth in California Probate Code section 2574.

5.10.  Unproductive Property.  The trustee shall not have the power to retain or acquire unproductive or underproductive property.

5.11. Power to Operate Business.  Subject to the requirement that the trustee shall not purchase or acquire a business without approval by San Diego Superior Court or a court of competent jurisdiction, the trustee shall have the power to hold and operate any business or enterprise that is or becomes trust property, on such terms and for such a time as the trustee, in the trustee's discretion, deems advisable; to purchase, acquire, invest in, or otherwise participate in, any business or other enterprise on behalf of the trust; or to sell, dissolve, liquidate, or terminate any such business. The trustee shall also have the power to incorporate,

Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust        19

reorganize, or otherwise change the form of a business or enterprise that is part of the trust, through merger or consolidation of two or more enterprises or otherwise, and to participate in that business or enterprise as a sole proprietor, as a general or limited partner, as a shareholder, or in any other capacity. Any operation, sale, purchase, acquisition, investment in, or dissolution or liquidation of a business interest, in good faith, shall be at the risk of the trust, and without liability on the part of the trustee for any resulting losses. The trustee shall also have the power to contribute capital or loan money to the business or enterprise on such terms and conditions as the trustee deems advisable.

5.12. <u>Power to Combine Trust Assets</u>. Each trust created under this instrument shall constitute a separate trust and be administered accordingly; however, the assets of all of the trusts may be combined for bookkeeping purposes and held for the trust beneficiaries without physical division into separate trusts until time of distribution.

5.13. <u>Division or Distribution in Cash or Kind</u>. In order to satisfy a pecuniary gift or to distribute or divide trust assets into shares or partial shares, the trustee may distribute or divide those assets in kind, or divide undivided interests in those assets, or sell all or any part of those assets and distribute or divide the property in cash, in kind, or partly in cash and partly in kind. Property distributed to satisfy a pecuniary gift under this instrument shall be valued at its fair market value at the time of distribution.

5.14. <u>Payments to Legally Incapacitated Persons</u>. If at any time any trust beneficiary is a minor, or it appears to the trustee that any trust beneficiary is incapacitated, incompetent, or for any other reason not able to receive payments or make intelligent or responsible use of the payments, then the trustee, in lieu of making direct payments to the trust beneficiary, may

make payments to the beneficiary's conservator or guardian; to the beneficiary's custodian under the Uniform Gifts to Minors Act or Uniform Transfers to Minors Act of any state; to one or more suitable persons as the trustee deems proper, such as a relative of or a person residing with the beneficiary, to be used for the beneficiary's benefit; to any other person, firm, or agency for services rendered or to be rendered for the beneficiary's assistance or benefit; or to accounts in the beneficiary's name with financial institutions. The receipt of payments by any of the foregoing shall constitute a sufficient acquittance of the trustee for all purposes.

5.15. <u>Written Notice to Trustee</u>. Until the trustee receives written notice of any death or other event on which the right to payments from any trust may depend, the trustee shall incur no liability for disbursements made in good faith to persons whose interests may have been affected by that event.

5.16. <u>Duty to Account</u>. The trustee shall render accounts annually or periodically as ordered by San Diego Superior Court or a court of competent jurisdiction in the same manner and form as required under the California Conservatorship Act, Probate Code, section 1800, *et. seq.*, and the accountings shall be presented to San Diego Superior Court or to a court of competent jurisdiction for review and approval.

5.17. <u>Cotrustee May Delegate Acts to Other Cotrustee</u>. Any cotrustee may, from time to time, delegate to the other cotrustee routine acts of trust administration and may establish bank or other accounts for the trust that will honor the signature of one or of either cotrustee.

5.18. <u>Compliance with Local Court Rules and California Rule of Court 7.903</u>. All provisions of the prevailing Local rules of the Superior Court, County of San Diego, and of the California rules of court, including but not limited to California Rule of Court 7.903, are

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust**          21

incorporated into this document, and all restrictions therein, including investment restrictions, accountings, and provisions regarding court supervision and jurisdiction are incorporated herein. Any provisions of this trust contrary to such provisions of Local rules and the California Rules of Court are null an void.

### ARTICLE SIX

### CONCLUDING PROVISIONS

6.1.   <u>Perpetuities Savings Clause</u>.   Notwithstanding any other provision of this instrument, every trust created by this instrument shall terminate no later than twenty-one (21) years after the death of the last survivor of the settlor's issue who are alive at the creation of the trust. For purposes of this perpetuities savings clause, a trust shall be deemed to have been created on the date the trust becomes irrevocable or the date of the death of the settlor, whichever occurs first. If a trust is terminated under this section, the trustee shall distribute all of the principal and undistributed income of the trust to the income beneficiaries of the trust in the proportion in which they are entitled (or eligible, in the case of discretionary payments) to receive income immediately before the termination. If that proportion is not fixed by the terms of the trust, the trustee shall distribute all of the trust property to the persons then entitled or eligible to receive income from the trust outright in a manner that, in the trustee's opinion, will give effect to the intent of the settlor in creating the trust. The trustee's decision is to be final and incontestable by anyone.

6.2.   <u>Definitions of Death Taxes, Debts, and Expenses</u>.   As used in this instrument, the following definitions apply:

(a)   The term "death taxes" shall mean all inheritance, estate, succession, and

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust          22**

other similar taxes that are payable by any person on account of that person's interest in the estate of the settlor or by reason of the settlor's death, including penalties and interest, but excluding the following: (i) any additional tax that may be assessed under Internal Revenue Code Section 2032A; and (ii) any federal or state tax imposed on any generation-skipping transfer, as that term is defined in the federal tax laws, unless that generation-skipping transfer tax is payable directly out of the assets of a trust created by this instrument.

(b)  The term "debts and expenses" shall include the following: (i) all costs, expenses of litigation, counsel fees, or other charges that the trustee incurs in connection with the determination of the amount of the death taxes, interest, or penalties referred to in subsection (a) of this section; and (ii) legally enforceable debts, funeral expenses, expenses of last illness, and administration and property expenses.

6.3.   Definition of Incapacity.   As used in this instrument, "incapacity" or "incapacitated" means a person operating under a legal disability such as being a minor or established  conservatorship, or a person who is unable to do either of the following:

(a) Provide properly for that person's own needs for physical health, food, clothing, or shelter; or

(b) Manage substantially that person's own financial resources, or resist fraud or undue influence.

6.4.  Definition of Education.  As used in this instrument, the term "education" refers to the following:

(a)  Education at public or private elementary, junior high, middle, or high schools, including boarding schools;

(b)  Undergraduate, graduate, and postgraduate study in any field, whether or not of a professional character, in colleges, universities, or other institutions of higher learning;

(c)  Specialized formal or informal training in music, the stage, the handicrafts, or the arts, whether by private instruction or otherwise; and

(d)  Formal or informal vocational or technical training, whether through programs or institutions devoted solely to vocational or technical training, or

**Order Approving Creation of the 2006 Irrevocable**
**Angelina Morgan Mane Special Needs Trust        23**

otherwise.

6.5. <u>Captions</u>.  The captions appearing in this instrument are for convenience of reference only, and shall be disregarded in determining the meaning and effect of the provisions of this instrument.

6.6. <u>Severability Clause</u>.  If any provision of this instrument is invalid, that provision shall be disregarded, and the remainder of this instrument shall be construed as if the invalid provision had not been included.

6.7. <u>California Law to Apply</u>.  All questions concerning the validity, interpretation, and administration of this instrument, including any trusts created under this instrument, shall be governed by the laws of the State of California, regardless of the domicile of any trustee or beneficiary.

ARTICLE SEVEN

SIGNATURE AND EXECUTION

9.1. <u>Execution</u>.  We certify that we have read the foregoing trust agreement and that it correctly states the terms and conditions under which the trust estate is to be held, administered, and distributed in accordance with the Order of the San Diego District Court dated _____, in San Diego District Court, Case No. 05cv397-WQH(CAB).  The settlor approves this trust agreement in all particulars.  The trustee approves and accept the trusts provided for in this trust agreement.

/ / / / /

/ / / / /

/ / / / /

**Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust          24**

Executed on_____, at San Diego, California.

SETTLOR

Dated:_____

_____
Marjan Mane, as Guardian Ad Litem for Angelina Morgan Mane

TRUSTEE

Dated:_____

_____
Carolyn Powers, Vice-President, First American Trust

2.   The court authorizes and directs Petitioner, as the legal representative of Angelina Morgan Mane, to execute the 2006 Angelina Morgan Mane Special Needs Trust.

3.   The Court appoints First American Trust Services as Trustee of the 2006 Angelina Morgan Mane Special Needs Trust.

4.   The court authorizes and directs First American Trust Services. as Trustee of the 2006 Angelina Morgan Mane Special Needs Trust, to satisfy all existing claims in accordance with California Probate Code Section 3604(d) and applicable Federal and State laws, the identity of such claimants and the amount of the claims being subject to payment to be determined based upon claims submitted prior to hearing on the petition.

5.   The 2006 Angelina Morgan Mane Special Needs Trust shall be funded by settlement proceeds from the Mazarei Settlement and the Tri City Settlement in the amounts and on the terms and conditions set forth in Paragraph 6 (A) and (B) above.

6.   The court authorizes and directs First American Trust Services, as Trustee of the 2006 Angelina Morgan Mane Special Needs Trust, to pay attorney fees and costs in the sum

Order Approving Creation of the 2006 Irrevocable Angelina Morgan Mane Special Needs Trust

25

of $ _6,968.50_ to Brierton, Jones & Jones, LLP.

    7.  The court authorizes and directs First American Trust Services, as Trustee of the 2006 angelina Morgan Mane Special Needs Trust, to pay to Doreen Casuto. R.N. the sum of $ _970.00_ for preparation of the Report of Doreen Casuto, R.N..

    8.  The 2006 Angelina Morgan Mane Special Needs Trust shall operate under supervision of the Probate Department of San Diego Superior Court and, accordingly, that First American Trust, as Trustee of the Trust, shall file a Compliance Petition in the Probate Department of San Diego Superior Court within 60 days as required by San Diego Superior Court, Local Probate Rule No. 4.162A;

    9.  The Court direct sFirst American Trust, as Trustee of the Trust, to file its first annual accounting  no later than one year from the date of establishment of the Trust;

Dated: _9/7/06_

JUDGE OF THE UNITED STATES
DISTRICT COURT

**Order Approving Creation of the 2006 Irrevocable
Angelina Morgan Mane Special Needs Trust**

26

**Brierton, Jones & Jones, LLP**
**B. James Brierton (SBN 053216)**
**1550 Hotel Circle North, Suite 300**
**San Diego, California 92101-2909**
**Telephone: (619) 696-7066**
**Facsimile:   (619) 696-6907**

Attorneys for Marjan Mane, as Guardian Ad Litem for Angelina Morgan Mane

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA MORGAN MANE, by and through her Guardian Ad Litem, MARJAN MANE, JANA LARSEN MANE and GEORGE MANE, <br><br> vs. <br><br> TRI-CITY HEALTH CARE DISTRICT, RAHELE MAZAREI, D.O., and the UNITED SATES OF AMERICA, <br>    Defendants. | CASE NO. 05cv0397-WQH(CAB) <br><br> **PROOF OF SERVICE** <br> **BY MAIL** |

I, Beverly E. Sargent, declare that I am over the age of eighteen years and not a party in this action.  I am employed in the County of San Diego, California where the mailing occurred and my business address is 1550 Hotel Circle North, Suite 300, San Diego, California  92108-2911.

I further declare that I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed

**Proof of Service By Mail**                              1

1  for collection and mailing, it is deposited in the ordinary course of business with the United

2  States Postal Service in a sealed envelope with postage fully prepaid.

3

4      I served the following documents:

5  **(1)   ERRATUM: INCORRECT ANNUITY COMPANY INADVERTENTLY**

6  **INSERTED IN THE ORDER APPROVING CREATION OF THE 2006 ANGELINA**
   **MORGAN MANE SPECIAL NEEDS TRUST;   REQUEST TO INSERT PACIFIC**

7  **LIFE AND ANNUITY COMPANY IN PARAGRAPH 11(B) OF THE "FINDINGS"**
   **PORTION OF THE ORDER APPROVING CREATION OF THE 2006 ANGELINA**

8  **MOPRGAN MANE SPECIAL NEEDS TRUST; D ECLARATION OF B. JAMES**
   **BRIERTON**

9

10 on each person by placing a true copy of this document in a separate envelope addressed to

11 each addressee, respectively, as follows:

12

13              **Marjan Mane, Guardian Ad Litem**
                **for Angelina Morgan Mane**

14              **1722 Shadow Mountain Drive**
                **Encinitas, CA 92024**

15

16              **George Mane**
                **1722 Shadow Mountain Drive**

17              **Encinitas, CA 92024**

18              **Jana Larsen Mane**
                **1722 Shadow Mountain Drive**

19              **Encinitas, CA 92024**

20

21              **First American Trust, Trustee**
                **c/o Carol Powers/Leslie Carillo**

22              **16796 Bernardo Center Drive**
                **San Diego, CA 92128**

23     I then sealed each envelope and, with postage thereon fully prepaid, I placed each for

24 deposit in the United States Postal Service, this same day, at my business address shown

25 above, following ordinary business practices.

26

27

28 Proof of Service By Mail                          2

1

2          I declare under penalty of perjury under the laws of the State of California that the

3    foregoing is true and correct.  Executed on October 25, 2006.

4                                                    BEVERLY E. SARGENT

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **Proof of Service By Mail**                     3